
FILED
CLERK, U.S. DISTRICT COURT
4/22/2019
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA NUNGARAY RIVAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br><br>　　　　　Defendant. | CASE NO. 5:17-cv-02262-SK<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

　　　　In November 2017, Plaintiff filed a complaint challenging Defendant's denial of social security benefits. (ECF 1). In February 2019, the Court issued a scheduling order, giving Plaintiff until March 22, 2019 to file a motion for summary judgment. (ECF 39). Plaintiff missed the March 2019 deadline, and, consequently, the Court issued an order to show cause why this action should not be dismissed for failure to prosecute. (ECF 40). As of today, Plaintiff has still not filed her motion, a request for an extension of time to do so, or any other document suggesting her intent to prosecute this action. Thus, this action may be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002).

　　　　When determining whether to dismiss an action on this basis, the Court considers: "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondent]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). All five factors support dismissal here.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court's management of its docket is impeded when, as here, Plaintiff has not complied with court orders. *See Pagtalunan,* 291 F.3d at 642. Third, "failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Fourth, despite the public policy favoring disposition of cases on their merits, it is Plaintiff's overriding responsibility to move a case toward that merits disposition. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Finally, no sanction short of dismissal is feasible. *See Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986). The Court warned Plaintiff that her failure to comply with court orders may result in involuntary dismissal. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992). And given Plaintiff's pro se status, monetary and other lesser sanctions are not practical or feasible.

THEREFORE, the Complaint is DISMISSED for lack of prosecution. Judgment dismissing this action will be entered accordingly.

**IT IS SO ORDERED.**

DATED: April 22, 2019

HON. STEVE KIM
U.S. MAGISTRATE JUDGE